UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

ASHFORD HEALTHCARE SYSTEMS,                   05-45011-LMK
                                                                 (Chapter 11)
          Debtor.
_____/

## UNITED STATES' MOTION FOR SUMMARY JUDGMENT

COMES NOW the United States of America, through its agency the Internal Revenue Service (IRS) and through the below named attorney, and respectfully represents that summary judgment should be entered, finding Debtor responsible for the taxes due and owing in this case. Further, the IRS represents:

Undisputed Statement of Facts

On February 1, 2001, Debtor, doing business as Gadsden Community Hospital, entered into a management agreement with DasSee Management, L.L.C.. (Att. A, p. 1, lines 1-6)   In the management agreement, Debtor was referred as "Owner" and DasSee was referenced as "Manager."  (A, p. 1, lines 4-6)   The purpose of the management agreement was for DasSee to manage the Gadsden Community Hospital which was owned by Debtor. (A, p. 1, lines 5-12)   The hospital was referred to as the "Facility." (A, p. 1, lines 7-8)  The agreement reads: "Owner and Manager desire for Manager to provide its experience, skill and supervision to manage the Facility on behalf of Owner under and subject to the terms of this Agreement." (A, p. 1, lines 10-12)

Section 1.1 of the management agreement states, "Owner shall at all times exercise control over the assets and operations of the Facility, subject to the terms of this Agreement, and Manager shall perform all the duties herein required to be

performed by it as the agent of Owner and in accordance with the policies and directives from time to time adopted by Owner." (A, p. 1, sec 1.1, lines 1-4)

Section 1.9 applies to taxes. (A, p. 6, sec 1.9, line 1) It reads:

"<u>Taxes</u>. Any federal, state or local taxes, assessments or other governmental charges properly imposed on the Facility are the obligations of the Owner, not of Manager, but all such obligations shall be paid by Manager on Owner's behalf out of the Operating Accounts of the Facility.  With the Owner's prior written consent, manager may contest the validity or amount of any such tax or imposition on the Facility in the same manner as described in Section 1.07(c)[1] hereof." (A, p. 6, sec. 1.9, lines 1-6)

On November 14, 2005, the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. (Docket sheet, doc. 1)  On January 20, 2006, the IRS filed its proof of claim. (Case 05-45011, claim 10-1; attachment B) The debtor named in the claim was "Ashford Health Care Systems, Inc." (B, p. 1, line 2.) The total claim was $1,870,952.33, comprised of $322,248.20 in unsecured claims, $136,717.53 in secured claims, and $1,411,986.60 in priority claims. (B, p. 1, sec. 5, line 1)

On July 16, 2009, the IRS filed its objections to the proposed second liquidating plan, claiming that the plan did not adequately protect IRS' secured interests and did not comply with Section 1129(a)(9)(C).  (Doc. 338, p. 1, para 5; p. 2, para 6)

---

[1] There is no section 1.7(c) in the management agreement. Section 1.7(b) allows for the Manager, with written approval from the Owner, to contest legal proceedings, "diligently conducted in good faith in the name of Owner, the validity or application of any law, ordinance, rule, ruling regulation, order or requirement of any governmental agency having jurisdiction over the operation of the Facility." (A, p. 5, sec. 1.7(b), lines 1-4)

On September 24, 2009, the Official Committee of Unsecured Creditors objected to the IRS' proof of claim stating that the IRS "claims are liabilities of Dassee Management, LLC." (Doc. 351, p. 2, para 7, lines 3-4)  The objection also asserted that the IRS proof of claim was "insufficient to support or establish the claim against the Debtor's estate." (Doc. 351, p. 4, para 19, lines 1-2)

<u>Applicable Law</u>

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *See also Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

<u>Argument</u>

The agreement between Debtor Ashford Healthcare Systems, Inc., and DasSee Management, L.L.C., is straightforward and unambiguous.  DasSee was to manage the Gadsden Community Hospital on behalf of its owner, Ashford Healthcare Systems, Inc. Just as clear was the responsibility of "any federal, state or local taxes."  Section 1.9 states that taxes "are the obligations of the Owner, not of Manager..."   Therefore, any

federal, state or local taxes are the obligations Ashford Healthcare Systems, Inc. DasSee is not responsible for any tax liability under the agreement.

WHEREFORE, the IRS requests this Court to enter summary judgment finding that Ashford Healthcare Systems, Inc., is responsible under the management agreement for any federal taxes due and owing and that the claim of the IRS is valid as against Ashford Healthcare Systems, Inc.

### Certificate of Service

On July 2, 2010, a copy of the IRS' motion for summary judgment will be sent via CM-ECF to D. Andrew Bertorelli and Michael J. Shavel, attorneys, on behalf of creditor Official Committee of Unsecured Creditors; Grant Dearborn on behalf of AHCA; James Donohue on behalf of GE HFS Holdings; Charles F. Edwards, U.S. Trustee; Jason Egan on behalf of Bay Radiology; Brian Jack Gillis on behalf of Burgess and Associates; Jack L. McLean and Michael Sjuggerud on behalf of City of Quincy; Ronald Mowrey and Paul Sexton on behalf of Gadsden County; Timothy Padgett on behalf of Dorothy Hulshoff; Robert Soriano on behalf of Airgas South; and, Allen Turnage on behalf of Ashford Healthcare Systems.

Respectfully Submitted,

Pamela C. Marsh
United States Attorney

s/ *Paul Alan Sprowls*

Assistant United States Attorney
111 North Adams Street
Tallahassee, Florida 32301
850-942-8430
Attorney for Plaintiff